**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YURIDIA GARCIA LORENZO,<br><br>Petitioner,<br><br>v.<br><br>ROBERT M. WILKINSON, Acting Attorney General,<br><br>Respondent. | No. 19-71491<br><br>Agency No. A087-747-441<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Immigration Judge

Submitted January 20, 2021[**]

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Yuridia Garcia Lorenzo, a native and citizen of Mexico, petitions for review

of an immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a) that

she did not have a reasonable fear of persecution or torture in Mexico and thus is

not entitled to relief from her reinstated removal order. We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review an IJ's negative reasonable fear determination for substantial evidence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We deny the petition for review.

Substantial evidence supports the IJ's determination that Garcia Lorenzo failed to establish a reasonable possibility of persecution in Mexico on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (concluding future fear not objectively reasonable under circumstances of the case).

Substantial evidence also supports the IJ's determination that Garcia Lorenzo failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to Mexico. *See Andrade-Garcia*, 828 F.3d at 836-37 (no government acquiescence demonstrated).

As stated in the court's August 6, 2019 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

19-71491